**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| UCASHA UPSHAW, SR., Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-294-MTT-AGH |
| UNIT MANAGER CARROLLWAY, *et al.*, Defendants. | : | |

**ORDER**

Plaintiff Ucasha Upshaw, Sr., filed a 42 U.S.C. § 1983 complaint (ECF No. 1). He also filed a motion for leave to proceed *in forma pauperis* (IFP) (ECF No. 1 at 7-8). As set forth below, Plaintiff is **ORDERED** to provide a new certified account statement and recast his complaint if he wants this case to continue.

I. Account Statement

A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Here, Plaintiff's account certification form appears to have been filled out and signed by Plaintiff, rather than by a prison official. Acct. Certification 2, ECF No. 2. Additionally, Plaintiff did not file a statement showing his account transactions for the six months before he filed the complaint. Instead, he filed a "History of Accounts" from June 8, 2026, showing a spendable balance of

$170.00 under "Central Acct-Probation" and a zero balance under "Central Acct-Offender Trust." History of Accts., ECF No. 2. This documentation does not provide the Court with sufficient information to review his motion to proceed IFP.

Thus, Plaintiff is **ORDERED** to file an updated certified trust fund account statement, filled out and signed by the appropriate prison official. The account statement should also include a statement showing Plaintiff's account transactions for the six months before he filed the complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his updated account statement.

## II. Order to Recast

Additionally, a brief review of Plaintiff's complaint shows that he must recast this pleading if he wants to continue with this case. A prisoner's complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In his complaint, Plaintiff generally alleges that, while he was housed in Wilcox State Prison, he "was sexually tortured for being a law abiding citizen,"

Defendant Carrolloway "sprayed" him "multiple times for being a child of God," he "was attacked by the Ganster Disciples because they all work for . . . Carrolloway," and the Gangster Disciples "paid Carrolloway to kill [him]." Compl. 5. Plaintiff also says that he has been deprived of food, including "diabetic snacks." *Id.* Plaintiff, however, does not include any specific factual allegations to support these claims, such as what happened during any of these incidents, who was involved other than Carrollway, or when any of these things happened. *Id.* Thus, Plaintiff's allegations are not sufficient to state a claim for relief.

Therefore, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions in this order to provide the necessary information to allow the Court to properly consider his claims. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint.

When drafting his new complaint, Plaintiff must write legibly. Plaintiff must list each Defendant in the heading of his complaint. In the body of his complaint, Plaintiff must again list each defendant by name and tell the Court exactly how and when that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights. Plaintiff's complaint should be no longer than ten (10) pages. Plaintiff may not attach any exhibits, declarations, or other attachments to the complaint.

Plaintiff has also filed several letters to the Court that appear to be attempting to add claims about an officer at Smith State Prison, where Plaintiff is currently housed (ECF Nos. 4-6). Fed. R. Civ. P. 20(a)(2) permits joinder of defendants only when the right to relief asserted arises "out of the same transaction, occurrence, or

series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Thus, Plaintiff's new claims may only be joined with the claims from the original complaint if they satisfy Rule 20(a)(2).

Plaintiff is hereby notified that only one operating complaint is permissible, and his recast complaint will take the place of his original complaint and the letters that he has submitted. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Thus, the Court will not refer to the original complaint or Plaintiff's letters to the Court to determine if Plaintiff has stated a claim. Plaintiff must include all relevant factual information necessary for the Court to evaluate his claims in the recast complaint.

In recasting his complaint, it is recommended that Plaintiff list numbered responses to the following questions (if possible) with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise

become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

## III. Conclusion

Plaintiff is **ORDERED** to file (1) an updated certified account statement that has been filled out and signed by the appropriate prison official and that includes a transaction statement and (2) a recast complaint consistent with the instructions in this order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his account statement and recast complaint. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The clerk shall forward Plaintiff an account certification form and a 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further Court order.

**SO ORDERED**, this 16th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE